CASE 4—INDICTMENT—JUNE 5.

# Holt vs. Commonwealth.

APPEAL FROM FULTON CIRCUIT COURT.

1. To constitute an offense punishable under the statute, the billiard-table, if kept in the house of the defendant, must have been kept or used for hire or profit, directly or indirectly, and the indictment should so allege.

2. As it is not charged in the indictment that the billiard-table was kept or used by the defendant for hire or profit, either directly or indirectly, the facts therein stated do not constitute a public offense, and the court erred in overruling the demurrer to the indictment.

JNO. RODMAN,                                                    For Appellant,
                                CITED—
1 *Rev. Stat.*, 567, *chap.* 42; *also page* 573.

JOHN M. HARLAN, Attorney General,            For Appellee,
                                CITED—
. *Crim. Code, sec.* 334.
1 *Rev. Stat.*, 567, *chap.* 42, *sec.* 19.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The 19*th section of chapter* 42, *of the Revised Statutes*, .declares, that " if any person shall set up, or cause to be set up, or permit to be played upon, or keep any billiard-table, he shall be fined from one hundred to a thousand dollars and costs; and every time such table shall be played upon, it shall be a distinct offense; and, upon the conviction of the offender, the table, with all the implements and furniture used in playing thereon, shall be forfeited, burnt, or destroyed. And, furthermore,

VOL. II—3

the offender shall be committed to prison until the fine and costs are paid."

But, by an act to amend said chapter, approved 11th February, 1858, it is provided, "that nothing in said chapter forty-two of the Revised Statutes shall be construed as applying to any billiard-tables kept by any citizens of this Commonwealth in their houses, for the amusement of themselves or their families, and not kept or used for hire or profit, directly or indirectly."

In this case the indictment charges that the appellant "did set up and cause to be set up a billiard-table within the corporate limits of the town of Hickman, in a house in his occupation and under his control, and did then and there permit said table to be played upon, without the lawful authority and proper license so to do from the clerk of said Hickman county and the county court of said county, and without the lawful authority and proper license of the incorporated town of Hickman."

A demurrer to the indictment was overruled, and the appellant excepted to the opinion of the court, and a trial resulted in a verdict and judgment against him for a fine of one hundred dollars.

The decision of the court in overruling the demurrer involves the only question to be determined by this court.

It is plain that, by the statute as amended, no offense was committed by the appellant in keeping the billiard-table in the manner alleged in the indictment, if he did so merely for the amusement of himself or his family, and not for hire or profit, directly or indirectly, unless tables so kept are embraced by the act imposing a tax on billiard tables (2 *Stanton's R. S.*, 279); and it can scarcely be pretended that they are, as the intention of the Legislature, deducible from the act itself, manifestly

Holt vs. Commonwealth.

was to make the business of keeping billiard-tables for hire or profit to the owner, although not used for the purpose of gaming, a source of reward, and not to punish the citizen for having the means of an innocent and harmless amusement.

And we do not regard the alteration effected by the amendatory act as in the nature of a proviso or exception—as contained in a distinct clause of the law defining the offense—not necessary to be negatived in the indictment.

But we think the amendment operates to qualify the context of the statute defining the offense; so that, to constitute an offense punishable under the statute, the billiard-table, if kept in the house of the defendant, must have been kept or used for hire or profit, directly or indirectly, and the indictment should so allege.

We are of the opinion, therefore, that, as it is not charged in the indictment that the billiard-table was kept or used by the appellant for hire or profit, either directly or indirectly, the facts therein stated do not constitute a public offense, and the court erred in overruling the demurrer to the indictment.

Wherefore, the judgment is reversed, and the cause remanded, with directions to sustain said demurrer, and for other proceedings not inconsistent with this opinion.